**Opinion filed August 6, 2026**



## In The

# Eleventh Court of Appeals

_____

## No. 11-25-00349-CR

_____

## CHARLES MEDFORD, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 297th District Court**
**Tarrant County, Texas[1]**
**Trial Court Cause No. 1834794**

## M E M O R A N D U M   O P I N I O N

Appellant, Charles Medford, entered open pleas of guilty to aggravated assault causing serious bodily injury, a second-degree felony, and injury to an elderly individual, a third-degree felony.  *See* TEX. PENAL CODE ANN. § 22.02 (a)(1), (b)

---

[1]This appeal was transferred to this court from the Second Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court.  TEX. GOV'T CODE ANN. § 73.001 (West Supp. 2025).

(West 2026); § 22.04(a)(3), (f) (West Supp. 2025). Appellant also pleaded "true" to two prior felony convictions alleged for enhancement purposes. *See Id.* § 12.42(d). The trial court accepted Appellant's pleas and found him guilty. Following the punishment hearing, the trial court assessed Appellant's punishment at imprisonment for forty-five years in the Institutional Division of the Texas Department of Criminal Justice for both convictions with the sentences to run concurrently. As modified, we affirm.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of his right to object to counsel's motion to withdraw, to review the record and file a pro se response to counsel's *Anders* brief, and to file a petition for discretionary review. *See* TEX. R. APP. P. 6.5, 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d at 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record and likewise conclude that the appeal is without merit.[2] *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

---

[2]We note that Appellant has the right to file a petition for discretionary review in the Texas Court of Criminal Appeals pursuant to Rule 68 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.

However, the judgments incorrectly reflect that Appellant only pleaded "true" to one prior felony conviction alleged for enhancement purposes and that the trial court only found "true" on one prior conviction. An appellate court has the power to modify the trial court's judgment to make the judgment speak the truth when it has the necessary information before it to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Because we have the necessary information to make the judgments speak the truth, we modify the judgments of the trial court to correctly reflect that Appellant pleaded "true" to both prior felony convictions alleged for enhancement purposes and that the trial court found "true" on both prior felony convictions with respect to each of the convictions.

Accordingly, we grant counsel's motion to withdraw, and as modified, we affirm the judgments of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


August 6, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.